**UNION LIFE INS. CO. v. GLENN et al.**
**No. 3148.**

Court of Civil Appeals of Texas.
Beaumont.

May 27, 1937.

Tom Sanders, of Houston, for plaintiff in error.

C. E. Pool, of Beaumont, for defendants in error.

O'QUINN, Justice.

We shall refer to the parties as appellant and appellees. Appellees sued appellant to recover on a policy of insurance issued by the Old Southern Life Insurance Company November 1, 1933, on the life of James W. Glenn in the sum of $500. The liability under this policy was assumed by appellant, Union Life Insurance Company, July 2, 1934. The insured, James W. Glenn, died July 27, 1936. At the time of Glenn's death all premiums and assessments due by reason of the policy had been duly paid. All notices required by the policy and by appellant were duly given to and received by appellant, and demand made for payment of the insurance, which was refused. The case was tried to the court without a jury, and judgment rendered in favor of appellees in the sum of $500. The case is before us on appeal by writ of error.

Appellant's first assignment of error is to the effect that the court erred in refusing to permit it to offer evidence to prove that the contract of insurance was procured by fraud in that the representations and warranties made by the applicant, James W. Glenn, as to his health in his application, were false, wherefore the policy was procured by fraud and not enforceable.

The assignment is overruled. The policy contained what is known as the "incontestable clause." It reads: "1. Incontesta-bility. All the benefits of this policy are incontestable for any reason if continuously in force for a period of two (2) years before the death of the insured, except for non-payment of premium when due. However, during this period the Accidental Benefits provided herein shall not apply if the insured's injury results from any attempt at self-destruction, whether sane or insane; from military or naval service; from riot, insurrection or war or any act incident thereto; from participating in professional automobile racing; or homicide."

By reason of this provision of the policy, it could be contested only for nonpayment of dues. It is admitted that all dues had been paid as and when due.

The second assignment asserts that the Old Southern Life Insurance Company, which issued the policy in suit, was a "Fraternal Benefit Association" organized under the provisions of the acts of the Texas Legislature of 1899, and that appellant, Union Life Insurance Company, was incorporated under the provisions of chapter 9A, title 78, of the Revised Statutes of the state of Texas [Vernon's Ann.Civ. St. art. 4875a—1 et seq.], and that it thus was and is a "local aid life insurance company" and so neither the Old Southern Life Insurance Company, nor it, the Union Life Insurance Company, was subject to the general laws of the state applicable to life insurance companies, and were not required by law to carry or include in their policies the "incontestable clause," and, if it was inserted therein, it should be construed as a matter of contract, and not construed as a statutory requirement.

This assignment is overruled. The policy was issued by the Old Southern Life Insurance Company on November 1, 1933. Article 4859f, section 11, Vernon's Ann.Civ. St., Acts 1933, 43d Leg., c. 245, p. 856, § 11 (applicable to "Mutual Assessment Life Insurance Companies"), provides, among other things: "Every policy or certificate issued by any such corporation after the passage of this Act shall contain a provision that if said policy has been continuously in force for a period of two (2) years before the death of the insured member, then said policy shall be incontestable except for nonpayment of dues or assessments."

This act took effect June 20, 1933. As the policy was issued on November 1, 1933, it was required to embody therein the incontestable clause, and it was so included

in compliance with the statute. Appellant assumed the liabilities under the policy, and so it was bound by the terms of the policy, and cannot contest the policy on the grounds asserted.

The judgment is affirmed.